## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

      **Plaintiff,**

      **v.**

      **Case No. 19-3218-HLT**

**STATE OF KANSAS, ET AL.,**

      **Defendants**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. On June 5, 2020, the Court dismissed this matter due to plaintiff's failure to submit the initial partial filing fee as directed. On July 9, 2020, plaintiff submitted a combined motion for reconsideration, motion to object, and motion to reopen (Doc. 125) and a Notice of Appeal (Doc. 126).

### Background

Plaintiff commenced this action with a complaint naming 59 defendants and supported by 159 pages of exhibits. The Court screened the complaint, assessed an initial partial filing fee of $2.00 under 28 U.S.C. § 1915(b) and directed petitioner to file an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure.  The Court also notified plaintiff that he was to file no document other than the amended complaint until further order of the Court.

On November 5, 2019, the Court entered an order striking fourteen pleadings submitted by plaintiff. On November 6, 2019, plaintiff submitted an amended complaint. Thereafter, plaintiff continued to file frequently in this matter, presenting pleadings, often voluminous, that had not been authorized by the Court. On May 8, 2020, the Court entered an Order to Show Cause directing

him to show why this matter should not be dismissed due to his failure to pay the initial partial

filing fee.  By a separate order entered on May 18, 2020, plaintiff was directed to file a current

financial statement. Plaintiff failed to pay the partial fee or to provide a current financial statement,

and on June 5, 2020, the Court dismissed this matter without prejudice.

### Discussion

A party who moves for reconsideration of an adverse judgment may "file either a motion

to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from

the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243

(10th" Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days

after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Because plaintiff did not present his motion

within twenty-eight days from the judgment, the Court considers it as a motion filed under Rule

60(b) . *See Van Skiver,* 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day

limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule

59(e) motion).

Rule 60(b) allows relief from judgments or orders in the event of: (1) mistake,

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud,

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the

judgment has been satisfied ; or (6) any other reason justifying relief. Relief under Rule 60(b) is

an extraordinary remedy, and the party seeking relief has the burden of establishing those

circumstances. *Van Skiver*, 952 F.2d at 1243-44. A motion under Rule 60(b) motion is not to be

used to present arguments that have been considered or to bring arguments that were available to

a party previously. *Id.* at 1243.

Plaintiff's combined motion for reconsideration, to object, and to reopen does not present any basis for relief under Rule 60(b). He does not squarely address the reasons this matter was dismissed, namely, his failure to submit the filing fee or to provide a financial statement as directed. Rather, he broadly alleges criminal acts by the defendants and interference with his rights. The Court has considered the motion and the record and concludes that the motion must be denied.[1]

### The Notice of Appeal

Plaintiff has not submitted either the appellate filing fees or a motion for leave to proceed on appeal in forma pauperis. He now is subject to the provisions of 28 U.S.C. § 1915(g) and may proceed in forma pauperis only if he shows that he is in imminent danger of serious injury. The Court finds that plaintiff has not made that showing and will deny leave to proceed on appeal in forma pauperis.

THE COURT THEREFORE ORDERS that plaintiff's combined motion (Doc. 125) is denied.

THE COURT FURTHER ORDERS that plaintiff is denied leave to proceed on appeal in forma pauperis.

IT IS SO ORDERED.

Dated: July 10, 2020

/s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE

---

[1] In reaching this conclusion, the Court has taken notice that plaintiff is proceeding in a separate action in which he filed many of the same pleadings included in this matter and alleges substantially the same facts. In that action, Case No. 20-3135-JWB, *Strader v. Tenth Circuit Court of Appeals, et al.*, the presiding judge has directed the Kansas Department of Corrections to prepare a limited report under *Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978) to address plaintiff's claims of injury and physical endangerment.